**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,          )
                                )
     v.                   )        **Cr. ID No. 1211023687**
                                )
MARION HUNTER,           )
                                )
     Defendant.        )
                                )

*Submitted:  October 10, 2014*
*Decided:    December 31, 2014*

*Upon Motion to Withdraw as Counsel for Petitioner Marion Hunter*
**DENIED**

On November 13, 2013, Defendant, Marion Hunter ("Hunter"), entered a guilty plea to Rape Second Degree and was sentenced to ten (10) years of incarceration. On November 25, 2013, Hunter filed a *pro se* Motion for Postconviction Relief alleging ineffective assistance of counsel and that he was coerced into entering a guilty plea. The Office of Conflict Counsel appointed Christopher Tease, Esquire ("Rule 61 Counsel") to represent Hunter in his Rule 61 Motion for Postconviction Relief. On October 10, 2014, Rule 61 Counsel filed a

Motion to Withdraw as Counsel. On October 20, 2014, Hunter filed a response in opposition to Rule 61 Counsel's Motion to Withdraw.

In consideration of the Motion to Withdraw as Counsel and the opposition thereto, the Court finds as follows:

1. Rule 61 Counsel Motion requested the transcript of Hunter's final case review, which was held on August 26, 2013, as well as the transcript of Hunter's plea colloquy, which was entered on November 13, 2013.

2. As of the date of the filing of the Motion to Withdraw as Counsel, Rule 61 Counsel had only received the final case review transcript. However, Rule 61 Counsel stated in the Motion that he "does not feel it is necessary to review the plea colloquy [transcript] in order to move to withdraw."

3. Superior Court Criminal Rule 61(e)(6) states that:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of *any other substantial ground for relief available to the movant*, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.[1]

---

[1] Super. Ct. Crim. R. 61(e)(6) (emphasis added).

4. The Court may grant a Motion to Withdraw as Counsel if satisfied that counsel thoroughly examined the record and the law for issues that could support a criminal defendant's Rule 61 Motion.[2]

5. Rule 61 Counsel's failure to review Hunter's plea colloquy transcript indicates that the record has not been thoroughly examined.

6. By way of Supreme Court Order dated November 20, 2014, Christopher Tease, Rule 61 Counsel, has been placed on disability inactive status.

**NOW, THEREFORE, this 31st day of December, 2014, Rule 61 Counsel's Motion to Withdraw as Counsel is hereby DENIED, and the case must be referred to the Office of Conflict Counsel so that a new conflict attorney may be assigned.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[2] *State v. West*, 2013 WL 6606833, at *3 (Del. Super. Dec. 12, 2013).